UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SECURITIES AND EXCHANGE          :
COMMISSION,                      :
                                 :
            Plaintiff,           :   Civil Action
                                 :   No. 05-11805-NMG
      v.                         :
                                 :
RICHARD B. SELDEN,               :
                                 :
            Defendant.           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**NOTICE OF "RELATED CASE" SUBMISSIONS IN**
***IN RE TKT SEC. LITIG.*, CIV. A. NO. 03-10165-RWZ (D. MASS.)**

On September 14, 2005, the putative class action plaintiffs in In re Transkaryotic Therapies, Inc. Sec. Litig., Civ. A. No. 03-10165-RWZ (D. Mass.), filed a document styled "Notice Of Related Case Pursuant To Local Rule 40.1(G)," in which they appear to seek the reassignment of this action. Neither the plaintiff nor the defendant in this action have sought such reassignment; and both of the defendants in the private action oppose it. For the Court's information, we respectfully attach as Exhibits 1 and 2 the private class action parties' respective submissions.

Dated: September 16, 2005          Respectfully submitted,
       Boston, Massachusetts

                                   /s/ Justin J. Daniels_____
                                   Thomas J. Dougherty (BBO #132300)
                                   Justin J. Daniels (BBO #656118)
                                   Cale P. Keable (BBO #651627)
                                   SKADDEN, ARPS, SLATE,
                                      MEAGHER & FLOM LLP
                                   One Beacon Street
                                   Boston, Massachusetts 02108
                                   (617) 573-4800

                                   Counsel for Defendant
                                   Richard F. Selden

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| _____ | : | C.A. No. 03-10165-RWZ |
| IN RE: TRANSKARYOTIC THERAPIES, | : |  |
| INC. SECURITIES LITIGATION | : |  |
| _____ | : |  |

### NOTICE OF RELATED CASE PURSUANT TO LOCAL RULE 40.1(G)

Lead Plaintiff, Forstmann Asset Management LLC (the "Lead Plaintiff") and plaintiffs, Market Street Securities, Inc., City of Philadelphia, Board of Pensions and Retirement and Louisiana School Employees Retirement System (the "Additional Plaintiffs") respectfully submit this Notice, pursuant to Local Rule 40.1(G), to alert the Court to the filing of *Securities and Exchange Commission v. Richard Selden*, C.A. No. 05-11805-NMG (the "SEC Action"), which has been assigned to the Honorable Nathaniel M. Gorton. A copy of the complaint in the SEC Action is attached hereto as Exhibit A. Under Local Rule 40.1(G), the SEC Action is related to the previously filed class action, *In re: Transkaryotic Therapies, Inc. Securities Litigation*, C.A. No. 03-10165-RWZ (the "Securities Class Action"), that is currently pending before this Court. In support of this Notice, the Lead Plaintiff and Additional Plaintiffs would respectfully show the following.

{00006322.DOC}

1.      According to Local Rule 40.1(G)(1), "a civil case is related to one previously filed in this court if some or all of the parties are the same and if one or more of the following similarities exist also: the cases involve the same or similar claims or defenses; or the cases involve the same property, transaction or event; or the cases involve insurance coverage for the same property, transaction or event; or the cases involve substantially the same questions of fact and law."  At lease two, and possibly three relatedness elements exist here.

2.      The Securities Class Action and the SEC Action involve a common defendant, Richard B. Selden ("Selden"), the former Chief Executive Officer of Transkaryotic Therapies, Inc. ("TKT" or the "Company"). The Securities Class Action and the SEC Action involve the same transactions or events.  Although the SEC Action has been brought by the U.S. Securities and Exchange Commission and the Securities Class Action has been brought on behalf of a proposed class consisting of purchasers of the securities of TKT during the period January 4, 2001 through January 10, 2003, inclusive (the "Class Period"), both cases arise from material misrepresentations by TKT and Selden, during the Class Period, concerning TKT's flagship drug, Replagal. Specifically, both cases allege that TKT and Selden misrepresented that clinical trials for Replagal were a success and made positive statements about Replagal's chances of being approved for sale in the U.S. by the U.S. Food and Drug Administration ("FDA").  Both cases allege that, at least as early as January 2001, the FDA had informed TKT that its principal clinical trial was a failure and that Replagal would not receive approval based on that trial.  Nevertheless, defendant Selden made, signed, participated in or otherwise authorized a series of materially misleading public statements by TKT about the status of the FDA application for Replagal.

3. Additionally, the Securities Class Action and the SEC Action involve common questions of law and fact, including: (i) whether defendants Selden and TKT violated Sections 10(b) of the Exchange Act and SEC Rule 10b-5 promulgated thereunder; (ii) whether Selden and TKT participated in and pursued the common course of conduct complained of herein; (iii) whether documents, filings, releases and statements disseminated to the investing public during the Class Period omitted and/or misrepresented material facts about the Company; (iv) whether the market price of TKT's securities during the Class Period were artificially inflated (and TKT's put options were artificially depressed) due to the nondisclosures and/or misrepresentations complained of herein; and (v) whether in connection with violations under the Exchange Act, Selden acted knowingly, willfully, or recklessly in omitting and/or misrepresenting material facts.

WHEREFORE, Lead Plaintiff and Additional Plaintiffs respectfully submit that the Securities Class Action and the SEC Action are related cases pursuant to Local Rule 40.1(G)(1).

Dated: September 14, 2005

**GILMAN AND PASTOR, LLP**

By: /s/ David Pastor
David Pastor (BBO# 391000)
60 State Street
37th Floor
Boston, MA 02109
Telephone: (617) 742-9700
Facsimile: (617) 742-9701

{00006322.DOC}

**SHAPIRO HABER & URMY, LLP**
Thomas G. Shapiro (BBO # 454860)
Theodore M. Hess-Mahan (BBO # 557109)
53 State Street
Boston, MA 02109
Telephone: (617) 439-3939
Facsimile: (617) 439-0134

*Co-Liaison Counsel for Plaintiffs and the Class*

**SCHIFFRIN & BARROWAY, LLP**
David Kessler
Michael K. Yarnoff
Eric Lechtzin
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

**Lead Counsel for Plaintiffs and the Class**

**WOLF POPPER LLP**
Robert M. Kornreich
Robert C. Finkel
Michael A. Schwartz
845 Third Avenue
New York, NY 10022
Telephone: (212) 759-4600
Facsimile: (212) 486-2093

**BERGER MONTAGUE P.C.**
Sherrie R. Savett
Carol A. Broderick
Barbara A. Podell
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604

{00006322.DOC}

**POMERANTZ HAUDEK BLOCK
GROSSMAN & GROSS LLP**
Stanley M. Grossman
Marc I. Gross
100 Park Avenue
New York, NY 10017
Telephone: (212) 661-1100
Facsimile: (212) 661-8665

**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ, LLP**
Gregory Mark Nespole
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 545-4653

*Members of Plaintiffs' Executive
Committee*



COPY

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
-------------------------------x
IN RE: TRANSKARYOTIC THERAPIES, INC.   :   Civil Action
SECURITIES LITIGATION                  :   No. 03-10165-RWZ
                                       :
-------------------------------x
```

### DEFENDANTS' RESPONSE TO
### PLAINTIFFS' "NOTICE OF RELATED CASE"

Defendants in this action hereby jointly respond to plaintiffs' purported "Notice Of Related Case Pursuant To Local Rule 40.1(G)," filed yesterday, in which they appear to seek the reassignment of <u>Securities and Exchange Commission v. Richard B. Selden</u>, Civil Action No. 05-11805 (D. Mass., filed Sept. 1, 2005) ("SEC Action") from Judge Gorton to this Court. For the reasons set forth below, this Court should reject plaintiffs' improper, unsupportable request.

<u>First</u>, <u>neither party</u> in the SEC Action has requested reassignment or designated that action as related. Indeed, if the plaintiff in the SEC Action had believed that it should be designated as related, it could have done so at the time of filing of the complaint.[1] It did not do so. Instead, the plaintiffs in this action, for tactical reasons known only to them, have unilaterally attempted to move an action -- to which they are not a party -- from one court to another against the intentions of the parties.

---

[1]   See Local Rule 40.1(G)(2) ("[i]f the party filing the initial pleading believes that the case is related to a case already assigned, whether or not the case is then pending, that party shall notify the clerk by notation on the local civil category sheet indicating the title and number of each such earlier case"). There is no comparable rule permitting such a "notice" as plaintiffs have submitted to the Court here.

Second, plaintiffs' position is incorrect under Local Rule 40.1(G)(1), which provides that civil cases may be treated as related only if <u>at least two</u> of the parties are the same:

> For purposes of this rule, a civil case is related to one previously filed in this court <u>if some or all</u> of the parties are the same <u>and</u> if <u>one or more</u> of the following similarities exist also: the cases involve the same or similar claims or defenses; or the cases involve the same property, transaction or event; or the cases involve insurance coverage for the same property, transaction or event; or the cases involve substantially the same questions of fact and law . . .

Local Rule 40.1(G)(1) (emphasis added). This action and the SEC Action have only one party in common -- Richard Selden. If the authors of Local Rule 40.1(G) had intended "some or all" to be satisfied by "one or more," they could have written just that; as they did later in the same sentence. Therefore, the first prong of Local Rule 40.1(G) is not satisfied.

<u>Third</u>, the risk of prejudice to Richard Selden outweighs any similarities in the facts. The transactions and allegedly misleading statements at issue in the 257-paragraph complaint in the private lawsuit are significantly more expansive than those in the SEC Action. For example, the SEC Action allegations end in October 2002, whereas in the private lawsuit, the allegations of supposedly fraudulent conduct continue through January 2003. This creates a risk of the introduction of prejudicial, irrelevant evidence to the detriment of Defendant Selden in his defense of the SEC Action.

## Conclusion

For these reasons, Defendants respectfully submit that the SEC Action is not a related action and should not be reassigned to this Court.

Dated: September 15, 2005
      Boston, Massachusetts

Respectfully submitted,

*Michael Bongiorno /JJD*
Jeffrey B. Rudman (BBO #433380)
Michael G. Bongiorno (BBO #558748)
Peter A. Spaeth (BBO #545202)
Eric D. Levin (BBO #639717)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Counsel for Defendant
Transkaryotic Therapies, Inc.

*/s/*
Thomas J. Dougherty (BBO #132300)
Justin J. Daniels (BBO #656118)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Beacon Street
Boston, Massachusetts 02108
(617) 573-4800

Counsel for Defendant
Richard F. Selden

## CERTIFICATE OF SERVICE

    I, Justin J. Daniels, hereby certify that on September 15, 2005, I caused a true copy of the foregoing Defendants' Response To Plaintiffs' "Notice Of Related Case" to be served by hand upon David Pastor, Gilman & Pastor, LLP, Co-Liaison Counsel for Plaintiffs, 60 State St., 37th Floor Boston, MA 02109, and by first class mail, postage prepaid, upon all other counsel of record as indicated on the service list attached hereto.

Dated: September 15, 2005

*/s/*
Justin J. Daniels

3

## ADDITIONAL SERVICE LIST

Thomas G. Shapiro
Theodore M. Hess-Mahan
Shapiro Haber & Urmy LLP
Exchange Place
53 State Street
Boston, MA 02109
Tel: (617) 439-3939

**Co-Liaison Counsel for Plaintiffs**

Robert M. Kornreich
Robert C. Finkel
Michael A. Schwartz
Ken C. Chang
Wolf Popper LLP
845 Third Avenue
New York, NY 10022
Tel: (212) 759-45600

**Co-Lead Counsel for Plaintiffs and the Class**

David Kessler
Michael K. Yarnoff
Schiffrin & Barroway, LLP
Three Bala Plaza East
Suite 400
Bala Cynwyd, PA 19004
Tel: (610) 667-7706

**Co-Lead Counsel for Plaintiffs and the Class**

Sherrie R. Savett
Carol A. Broderick
Barbara A. Podell
Berger Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
Tel: (215) 875-3000

**Members of Plaintiffs' Executive Committee**

Stanley M. Grossman
Marc I. Gross
Pomerantz Haudek Block Grossman
  & Gross LLP
100 Park Avenue
New York, NY 10017
Tel: (212) 661-1100

**Members of Plaintiffs' Executive Committee**

Gregory Nespole
Wolf Haldenstein Adler Freeman
  & Herz, LLP
270 Madison Avenue
New York, NY 10017
Tel: (212) 545-4600

**Members of Plaintiffs' Executive Committee**