UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SECURITIES AND EXCHANGE          :
COMMISSION,                      :
                                 :
                    Plaintiff,   :     Civil Action
                                 :     No. 05-11805-NMG
          v.                     :
                                 :
RICHARD F. SELDEN,               :
                                 :
                    Defendant.   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF**
**HIS MOTION TO COMPEL ONE DEPOSITION FROM THE PLAINTIFF**


                              Thomas J. Dougherty
                              Justin J. Daniels
                              SKADDEN, ARPS, SLATE,
                                  MEAGHER & FLOM LLP
                              One Beacon Street
                              Boston, Massachusetts 02108
                              (617) 573-4800

Dated:  May 17, 2007          Counsel for Defendant
                              Richard F. Selden

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ............................................................................. ii

PRELIMINARY STATEMENT ........................................................................1

ARGUMENT ....................................................................................................3

I.    THE SEC SHOULD BE COMPELLED TO PRODUCE
FOR DEPOSITION THE REQUESTED 30(b)(6) WITNESS ...........................3

    A.   The SEC Waived Any Relevance Objection ................................5

    B.   The SEC Cannot Refuse To Produce A
Witness By Claiming There Are Other
Ways To Obtain The Same Discovery.......................................6

CONCLUSION.................................................................................................9

# TABLE OF AUTHORITIES

## CASES                                                      PAGE(S)

Alexander v. F.B.I.,
    186 F.R.D. 71 (D.D.C. 1998) ...................................................................4

Davis v. Lehane,
    89 F. Supp. 2d 142 (D. Mass. 2000) ......................................................4

Motsinger v. Flynt,
    119 F.R.D. 373 (M.D.N.C. 1988) ...........................................................4

N. Eng. Carpenters Health Benefits Fund v. First Databank, Inc.,
    --- F.R.D. ---, Civ. No. 05-11148-PBS,
    2007 WL 1054707 (D. Mass. Apr. 9, 2007) ..........................................3

Nat'l Life Ins. Co. v. Hartford Accident and Indemn. Co.,
    615 F.2d 595 (3d Cir. 1980)..............................................................8, 9

Prozina Shipping Co., Ltd. v. Thirty-Four Automobiles,
    179 F.R.D. 41 (D. Mass. 1998)...........................................................3, 4

Resolution Trust Corp. v. Sands,
    151 F.R.D. 616 (N.D. Tex. 1993) ...........................................................8

Salter v. Upjohn Co.,
    593 F.2d 649 (5th Cir. 1979) ..................................................................4

S.E.C. v. Rivlin,
    Civ. No. 99-1455, 1999 WL 1455758 (D.D.C. Dec. 20, 1999).............4

S.E.C. v. Selden,
    --- F. Supp. 2d ---, 2007 WL 1241862 (D.D.C. Apr. 30, 2007)...........5

Security Ins. Co. of Hartford v. Trustmark Ins. Co.,
    218 F.R.D. 29 (D. Conn. 2003)...............................................................7

Travelers Rental Co. v. Ford Motor Co.,
    116 F.R.D. 140 (D. Mass. 1987).............................................................8

Tri-State Hosp. Supply Corp. v. U.S.,
    226 F.R.D. 118 (D.D.C. 2005)................................................................7

U.S. v. Procter & Gamble Co.,
    356 U.S. 677 (1958)................................................................................4

U.S. v. Reynolds,
    345 U.S. 1 (1953)....................................................................................5

United Tech. Motor Sys. v. Berg-Warner Auto., Inc.,
    Civ. No. 97-71706, 1998 WL 1796257 (E.D. Mich. Sept. 4, 1998)................8

## OTHER AUTHORITIES                                                    ## PAGE(S)

D. Mass. Local Rule 34.1...................................................................................................6

Fed. R. Civ. P. 26..........................................................................................................3

Fed. R. Civ. P. 30.................................................................................................. *passim*

Fed. R. Civ. P. 34..........................................................................................................5

8A Charles Alan Wright, Arthur R. Miller, Richard L. Marcus,
    Federal Practice and Procedure § 2163 (2007) .............................................................9

## **PRELIMINARY STATEMENT**

This motion to compel concerns the only fact deposition that the defendant seeks from the plaintiff in this action.

On September 1, 2005, the Securities and Exchange Commission ("SEC") filed suit against Richard F. Selden ("Dr. Selden") (the former CEO of a small Cambridge-based biotechnology firm called Transkaryotic Therapies, Inc. ("TKT")), charging him with federal securities fraud in connection with the U.S. Food and Drug Administration's ("FDA's") review of TKT's drug Replagal™, used for the treatment of Fabry disease, a rare genetic disorder.

According to the Complaint, Dr. Selden should be held liable under federal law and barred for the rest of his life from serving as a director or officer of a public company because of a "series of [allegedly] materially misleading public statements by TKT about the status of the FDA application for Replagal." Complaint (Docket No. 1), S.E.C. v. Selden, Civ. No. 05-11805-NMG (D. Mass. Sept. 1, 2005) ("SEC Compl.") ¶ 1. Thus, the SEC's case is based entirely on the FDA's review of TKT's application for Replagal, the FDA's communications with TKT in this regard and the steps both the FDA and TKT perceived as necessary for Replagal to obtain marketing approval in the United States. See, e.g., SEC Compl. ¶¶ 2-4, 12-14, 21-22, 24-26, 28-33, 35, 38-39, 41-42, 44-53, 55, 59-60, 62, 66 & 70.

Although the complaint was filed on September 1, 2005, the SEC's investigation of Dr. Selden began three years earlier, in October of 2002, when the agency began collecting information, documents and testimony on the same issues now raised in this enforcement action. During this ex parte process, the SEC collected nearly 50,000 pages of documents and took testimony from sixteen individuals, including four days of testimony

from Dr. Selden, and interviewed at least eight others off the record. The SEC had total

discretion and no time limits; it could ask for what it wanted, when it wanted, and had as part

of its arsenal the government's full subpoena power.

Now, in response to this multi-year effort by the SEC, Dr. Selden seeks only

one fact deposition from the SEC concerning two narrow topics relevant to his defense:

1.    An overview of SEC/FDA coordination as it relates to this
      case including confirmation of materials provided by FDA to
      SEC; and

2.    SEC guidance made available to issuers regarding disclosure
      of status of drug and biologics applications with FDA.

See Dr. Selden's Notice Of Deposition, attached hereto at Tab A (served on April 27, 2007

and noticing deposition for May 21, 2007).[1]

The SEC responded to the notice by phone call on Thursday of last week. Its

lawyers stated that it would not agree to provide a witness on the subjects sought by Dr.

Selden and that Dr. Selden should consider trying to obtain the discovery through alternative

means, such as by interrogatory or document request. That phone call was followed by a

letter from the SEC received two days ago, in which the agency "reiterate[d] that the

Commission will not be producing a witness on May 21" but that it "hope[d] that we can

work out an accommodation whereby the Commission provides you with any relevant

information you are seeking but without the need for an actual deposition." A copy of the

SEC's letter is attached hereto at Tab B.

---

[1]      The April 27, 2007 notice was the second version of a previously-served Rule 30(b)(6) notice
that was subsequently withdrawn after discussion with the SEC.

2

The SEC's arguments against providing a witness for deposition are insufficient.  First, on the issue of relevance, the SEC has already waived any such objection. See Section I.A, infra.  Second, on whether there are alternative means for obtaining the same discovery, courts have consistently held that that is simply not an adequate basis for denying a deposition.  See Section I.B, infra.

Accordingly, the Court should grant Dr. Selden's motion to compel and order the SEC to produce a Rule 30(b)(6) witness concerning the two requested topics.

## ARGUMENT

### I.    THE SEC SHOULD BE COMPELLED TO PRODUCE FOR DEPOSITION THE REQUESTED 30(b)(6) WITNESS

Dr. Selden is entitled to conduct discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Fed. R. Civ. P. 26(b)(1).

Further, Dr. Selden is not required to justify his decision to seek a deposition of the SEC; to the contrary, it is the SEC that must demonstrate why the deposition cannot go forward:  "The Federal Rules simply do not support [the] claim that the party seeking to take a deposition has the burden of showing why it is necessary to do so." Prozina Shipping Co., Ltd. v. Thirty-Four Automobiles, 179 F.R.D. 41, 48 n.7 (D. Mass. 1998).  Rather, "[t]he burden is exactly the reverse." Id. (citing Fed. R. Civ P. 26(c) & 30) (emphasis added).[2]

---

[2]    Indeed, the appropriate procedure is for the SEC to move for a protective order, not oppose a motion to compel. See, e.g., N. Eng. Carpenters Health Benefits Fund v. First Databank, Inc., --- F.R.D. ---, Civ. No. 05-11148-PBS, 2007 WL 1054707 (D. Mass. Apr. 9, 2007) (Collings, M.J.).

Moreover, the complete prohibition of any deposition is an "extraordinary measure[] which should be resorted to only in rare occasions." Alexander v. F.B.I., 186 F.R.D. 71, 75 (D.D.C. 1998) (citing Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir. 1979) ("It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error.")); Prozina, 179 F.R.D. at 48 (same); see also Motsinger v. Flynt, 119 F.R.D. 373, 378 (M.D.N.C. 1988) ("Absent a strong showing of good cause and extraordinary circumstances, a court should not prohibit altogether the taking of a deposition.").

Finally, where the plaintiff is the federal government,[3] the denial of a defendant's access to witnesses is even more problematic because it threatens defendant's rights to due process and access to the courts. See S.E.C. v. Rivlin, Civ. No. 99-1455, 1999 WL 1455758, *3 (D.D.C. Dec. 20, 1999) (recognizing that a defendant has "full due process rights" when "the SEC, pursuant to its investigation, either files a complaint or makes a criminal reference") (citation omitted); Davis v. Lehane, 89 F. Supp. 2d 142, 155-56 (D. Mass. 2000) (Young, C.J.) (holding that a government official's efforts to convince a witness not to be interviewed by the petitioner constitute a violation of the petitioner's due process rights). Similarly, on April 30, 2007, in this very litigation, the United States District Court for the District of Columbia ordered the FDA to produce a Rule 30(b)(6) witness for deposition by Dr. Selden, in part, because "[t]his case does not involve a private litigant intent on burdening the federal government through his own choosing. Instead, Selden seeks information to mount a

---

[3]     There is no question that the government as a litigant is subject to the same rules of discovery as any private party to litigation. See U.S. v. Procter & Gamble Co., 356 U.S. 677, 681 (1958). In fact, Rule 30(b)(6) makes specific reference to depositions of government agencies.

defense from a government-initiated action.  In such an instance, 'judicial control over the evidence . . . cannot be abdicated to the caprice of executive officers.'"  S.E.C. v. Selden, --- F. Supp. 2d ---, 2007 WL 1241862, *3 (D.D.C. Apr. 30, 2007) (quoting U.S. v. Reynolds, 345 U.S. 1, 9-10 (1953)).

The SEC can point to no legitimate basis, much less extraordinary circumstances, that can justify its refusal to produce a Rule 30(b)(6) witness in this case.

**A.    The SEC Waived Any Relevance Objection**

On October 28, 2005, the first day he was permitted to do so under the Federal Rules of Civil Procedure and the Local Rules of this Court, Dr. Selden served on the SEC a request for the production of documents pursuant to Fed. R. Civ. P. 34.  Among the subjects requested were the following:

> 13.    To the extent not already provided, all documents received from the FDA or generated by the FDA relating to TKT, Dr. Selden, Replagal or Fabrazyme.

> 14.    All documents received from the FDA or generated by the FDA relating to any action or inaction of the FDA, TKT or others relating to TKT, Dr. Selden, Replagal.

> 15.    All documents relating to the SEC or FDA and relating to TKT, Dr. Selden or Replagal including any action or inaction by the FDA or SEC relating to TKT, Dr. Selden or Replagal.

> 16.    Any proposed or final guidelines, protocols, FAQ's or other advisories for the information or assistance of those making public disclosures of the status of a drug or biologics application approval or denial by the FDA.

> 17.    All documents relating to the joint FDA/SEC effort to increase the public's protection from false and misleading statements by enhancing inter-agency cooperation.

> 20.    All documents, including but not limited to, notes, memoranda, correspondence, agendas, meeting minutes, reports, electronic mail messages and schedules, in the paper or electronic

files, which were used in preparation for, created at, or refer or
relate to any communications (whether paper, electronic,
telephonic or other form) reflecting any actual or prospective
communications between the SEC, on the one hand and, on the
other, the FDA ,TKT or Dr. Selden.

See Defendant's First Request For The Production Of Documents in S.E.C. v. Selden (Oct.

28, 2005), a copy of which is attached hereto at Tab C.  These requests completely subsume

the two narrow FDA topics now sought by Dr. Selden for Rule 30(b)(6) testimony.

Yet at no time, including in its formal December 12, 2005 Response To

Defendant's First Request For The Production Of Documents (see Tab D, attached hereto),

did the SEC object to any of these requests on the grounds of relevance.  Accordingly,

pursuant to Local Rule 34.1, the SEC has waived any such objection:

Any ground not stated in an objection within the time provided by
the Federal Rules of Civil Procedure, or any extensions thereof,
shall be deemed waived.

D. Mass. Local Rule 34.1 (emphasis added).  By direct implication, the SEC's waiver of any

relevance objection to the document requests should constitute a waiver of the narrower

subjects sought for testimony.

**B.      The SEC Cannot Refuse To Produce A
         Witness By Claiming There Are Other
         Ways To Obtain The Same Discovery**

The SEC also suggests that it can refuse to produce a witness for deposition

because there are other discovery devices by which Dr. Selden can supposedly obtain the

same information "without the need for an actual deposition."  See Tab B.  That is not a

sufficient ground for denying the deposition.

First, courts have consistently held that whether or not the same discovery may

be obtained through alternative means does not justify the denial of a deposition.

For example, <u>Tri-State Hosp. Supply Corp. v. U.S.</u>, 226 F.R.D. 118 (D.D.C. 2005), involved a claim against the United States government under the Federal Tort Claims Act alleging that the government engaged in malicious prosecution against plaintiff for importing surgical equipment from suppliers in Pakistan.  As part of discovery, plaintiff sought a Rule 30(b)(6) deposition from the United States on twenty categories of information. The government opposed the deposition on several grounds, including its contention that many of the subjects were duplicative of responses it previously gave to interrogatories and document requests.  <u>Id.</u> at 124-25.  The Court categorically rejected the argument:

> I am aware of no principle of law that precludes a party from pursuing during a deposition a topic about which it has already received information via other discovery devices.  By its very nature, the discovery process entails asking witnesses questions about matters that have been the subject of other discovery.  There are, of course, only a finite number of pertinent events in any lawsuit, and how they occurred is a topic that may be pursued by all forms of discovery, even though the information provided by one form of discovery repeats and duplicates information yielded by another.  Thus, the fact that information has been provided to plaintiff concerning a particular category does not, in itself, make that category an impermissible subject of a 30(b)(6) deposition.

<u>Id.</u> at 125-26.

Similarly, in <u>Security Ins. Co. of Hartford v. Trustmark Ins. Co.</u>, 218 F.R.D. 29 (D. Conn. 2003), plaintiff moved to compel a Rule 30(b)(6) deposition of defendant concerning, among other things, the factual basis for defendant's denials in its answer to the complaint.  Defendant opposed the motion, arguing that it had already produced the same information in response to other discovery requests, "that the interrogatories already served and answered were the more appropriate discovery method," and that the deposition was therefore unnecessary.  <u>Id.</u> at 33.  Again, the Court rejected the argument:  "It is of no consequence that contention interrogatories may be the more appropriate route to obtain the

information, as nothing precludes a deposition either in lieu of or in conjunction with such interrogatories."  Id. at 34.  See also United Tech. Motor Sys. v. Berg-Warner Auto., Inc., Civ. No. 97-71706, 1998 WL 1796257, *3 (E.D. Mich. Sept. 4, 1998) ("[D]efendant is not precluded from conducting oral depositions merely because plaintiff considers them less than the optimal means of securing information.  Indeed, there is nothing which necessarily prohibits the pursuit of information by more than one discovery vehicle."); Resolution Trust Corp. v. Sands, 151 F.R.D. 616, 619 (N.D. Tex. 1993) (finding no abuse of discretion where Magistrate Judge rejected government's argument opposing Rule 30(b)(6) deposition that there were supposedly "less burdensome" means for obtaining the requested information).

The SEC's position here, just as in these previously-discussed decisions, cannot support its refusal to produce a witness for deposition.

Second, it is a basic principle of litigation that depositions can often be superior to other forms of discovery for obtaining relevant information, even where (and, in some cases, particularly where) there have been previous, written discovery responses on the same subjects.  In Travelers Rental Co. v. Ford Motor Co., 116 F.R.D. 140 (D. Mass. 1987), for example, the defendant opposed providing depositions of its senior executives on the grounds, among others, that they had already provided affidavits indicating that they lacked any recollection of the requested subjects.  Id. at 143.  Magistrate Judge Collings rejected defendant's argument as basis for denying the depositions, noting that "plaintiff is entitled to 'test' the claim of lack of knowledge or lack of recollection by deposing the witness" and that "there is nothing in the law which would indicate that [plaintiff] has to accept the claimed failures on their face or rely on whatever efforts [defendant's] counsel may have undertaken to refresh recollections."  Id.  See also Nat'l Life Ins. Co. v. Hartford Accident and Indemn.

8

Co., 615 F.2d 595, 600 n.5 (3d Cir. 1980) ("[T]here are strong reasons why a party will select to proceed by oral deposition rather than alternate means, most significantly the spontaneity of the responses."); 8A Charles Alan Wright, Arthur R. Miller, Richard L. Marcus, Federal Practice and Procedure § 2163 (2007) ("The flexibility and the potency of oral depositions is in large part lacking in written interrogatories.  It is for these reasons that depositions are, in federal court at least, by far the most widely used of the discovery devices.").

        In this case, for example, the SEC responded to Dr. Selden's written request for "[a]ny proposed or final guidelines, protocols, FAQ's or other advisories for the information or assistance of those making public disclosures of the status of a drug or biologics application approval or denial by the FDA" (Tab C, Request No. 16), by stating in writing that "[t]he Commission has no documents responsive to this request" (Tab D, Response No. 16).  Surely Dr. Selden is entitled to test that assertion (and the other subjects underlying the requested topics) at deposition.

## CONCLUSION

        Once again, Dr. Selden finds himself in the position of having to seek this Court's assistance in the face of the federal government's continued refusal to comply with its discovery obligations, legal precedent and basic principles of fairness.[4]  The SEC should be compelled to produce a Rule 30(b)(6) witness for deposition by Dr. Selden.

---

[4]        As the Court knows, Dr. Selden has been fighting since October 2005 to obtain relevant discovery from the FDA for his defense in this case.  See, e.g., Def. Richard F. Selden's Stmt. In Connection With The Sept. 28, 2006 Status Conf. (Docket No. 17), S.E.C. v. Selden, Civ. No. 05-11805-NMG (D. Mass. Sept. 20, 2006); Aff. of Justin J. Daniels In Support Of Pl.'s Mot. For Order To Show Cause And Prelim. Inj. (Docket No. 4), Selden v. FDA., Civ. No. 06-11807-NMG (D. Mass. Oct. 5, 2006); Richard F. Selden's Memo. Of Law In Support Of His Cross-Mot. To Preclude Admission Of FDA Evidence (Docket No. 20), S.E.C. v. Selden, Civ. No. 05-11805-NMG (D. Mass. Oct. 27, 2006).

Dated: May 17, 2007                         Respectfully submitted,
      Boston, Massachusetts

                                   /s/ Thomas J. Dougherty
                                   Thomas J. Dougherty (BBO #132300)
                                   Justin J. Daniels (BBO #656118)
                                   SKADDEN, ARPS, SLATE,
                                     MEAGHER & FLOM LLP
                                   One Beacon Street
                                   Boston, Massachusetts 02108
                                   (617) 573-4800
                                   dougherty@skadden.com
                                   jdaniels@skadden.com

                                   Counsel for Defendant
                                   Richard F. Selden

## CERTIFICATE OF SERVICE

        I, Justin J. Daniels, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 17, 2007.

Dated: May 17, 2007                         /s/ Justin J. Daniels
                                                 Justin J. Daniels

# TAB A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SECURITIES AND EXCHANGE            :
COMMISSION,                        :
                                   :
                    Plaintiff,     :      Civil Action
                                   :      No. 05-11805-NMG
          v.                       :
                                   :
RICHARD F. SELDEN,                 :
                                   :
                    Defendant.     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANT'S NOTICE OF RULE 30(b)(6)
## DEPOSITION OF THE SECURITIES AND EXCHANGE COMMISSION

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Federal

Rules of Civil Procedure, defendant Richard F. Selden will take the deposition upon oral

examination of plaintiff Securities and Exchange Commission by the person or persons most

knowledgeable regarding the subject matters identified below. The deposition will take place

at the offices of Skadden, Arps, Slate, Meagher & Flom LLP, One Beacon Street, Boston,

Massachusetts 02108 at 10:00 a.m. on Monday, May 21, 2007, before a notary public or

other officer authorized by law to administer oaths.

The deposition will be recorded by audiovisual and stenographic means and

will continue from day to day until completed. You are invited to attend and cross-examine.

## SUBJECT MATTERS FOR TESTIMONY

1.    Overview of SEC/FDA coordination as it relates to this case
      including confirmation of materials provided by FDA to SEC.

2.    SEC guidance made available to issuers regarding disclosure of
      status of INDs/NDAs/BLAs with FDA/CBER/CDER.

## DEFINITIONS AND INSTRUCTIONS

Dr. Selden incorporates by reference the Uniform Definitions in Discovery

Requests as set forth in United States District Court for the District of Massachusetts Local

Rule 26.5, and the Definitions And Instructions included in Defendant's First Request For

The Production Of Documents dated October 28, 2005.  In addition, with respect to Subject

No. 2, "issuers" are companies that file registration statements with the SEC pursuant to the

issuance of securities, and the time frame is with respect to SEC guidance made available to

issuers on or after June 15, 2000, whether or not such guidance was prepared prior to that

date.

Dated:  April 27, 2007
       Boston, Massachusetts

Respectfully submitted,

Thomas J. Dougherty (BBO #132300)
Justin J. Daniels (BBO #656118)
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
One Beacon Street
Boston, Massachusetts 02108
(617) 573-4800

Counsel for Defendant
Richard F. Selden

## CERTIFICATE OF SERVICE

I, Justin J. Daniels, hereby certify that on April 27, 2007, I caused a true copy
of the foregoing Defendant's Notice Of Rule 30(b)(6) Deposition Of The Securities And
Exchange Commission to be served by hand delivery upon Frank C. Huntington, Securities
and Exchange Commission, Boston District Office, 33 Arch Street, 23rd Floor, Boston,
Massachusetts 02110.

Dated:  April 27, 2007

Justin J. Daniels

2

**TAB B**



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
**BOSTON DISTRICT OFFICE**
**23RD FLOOR**
**33 ARCH STREET**
**BOSTON, MASSACHUSETTS  02110-1424**

IN REPLYING PLEASE QUOTE

May 14, 2007

Thomas J. Dougherty, Esq.
Justin J. Daniels, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
One Beacon Street
Boston, MA  02108

        Re:    SEC v. Richard F. Selden (D.Mass. Civil Action No. 05-11805-NMG)

Gentlemen:

        I am enclosing the following items:

        1.      Plaintiff's Response to Defendant's Second Request for the Production of
                Documents; and

        2.      Documents numbered SEC1-0001 to SEC1-0570.

        We are awaiting a further update on the scope of your Rule 30(b)(6) deposition notice to
the Commission, but in the meantime, I would like to reiterate that the Commission will not be
producing a witness on May 21.  I continue to hope that we can work out an accommodation
whereby the Commission provides you with any relevant information you are seeking but
without the need for an actual deposition.

        Please call me if you have any questions.

        Thank you.

                                Sincerely,

                                Frank C. Huntington
                                Senior Trial Counsel
                                (617) 573-8960  (direct)
                                (617) 573-4590  (fax)

Enclosures

**TAB C**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
SECURITIES AND EXCHANGE                  :
COMMISSION,                              :
                                         :
                    Plaintiff,           :    Civil Action
                                         :    No. 05-11805-NMG
          v.                             :
                                         :
RICHARD B. SELDEN,                       :
                                         :
                    Defendant.           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

## DEFENDANT'S FIRST REQUEST
## FOR THE PRODUCTION OF DOCUMENTS

       PLEASE TAKE NOTICE that, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendant Richard F. Selden ("Dr. Selden") hereby requests and demands that plaintiff Securities and Exchange Commission ("SEC" or "Plaintiff") produce for examination, inspection, and copying at the offices of Skadden, Arps, Slate, Meagher & Flom LLP, One Beacon Street, Boston, Massachusetts 02108, within 30 days after the service hereof, in accordance with the Definitions and Instructions set forth below, all of the documents specified herein in the SEC's possession, custody or control:

## DOCUMENTS TO BE PRODUCED

       1.     To the extent not already provided, all documents falling within the categories of documents set forth in Fed. R. Civ. P. 26(a)(1).

       2.     To the extent not already provided, every subpoena issued in connection with <u>In the Matter of Transkaryotic Therapies, Inc.</u>, SEC File No. B-1897.

       3.     To the extent not already provided, every other written request to persons not employed by the SEC to provide documents or to be interviewed in connection with <u>In the Matter of Transkaryotic Therapies, Inc.</u>, SEC File No. B-1897.

       4.     To the extent not already provided, all documents turned over in response to any subpoenas or other written requests referenced in ¶¶ 2 or 3, above.

       5.     All notes of interviews taken in connection with <u>In the Matter of Transkaryotic Therapies, Inc.</u>, SEC File No. B-1897 (<u>see, e.g.</u>, <u>SEC v. Chancellor Corp.</u>, <u>et al.</u>, No. 03-10762 (D. Mass. Jan. 4, 2005) (Lasker, J.)).

6.    To the extent not already provided, all transcripts and transcript exhibits in connection with In the Matter of Transkaryotic Therapies, Inc., SEC File No. B-1897.

7.    Any other documents obtained from persons not employed by the SEC in connection with In the Matter of Transkaryotic Therapies, Inc., SEC File No. B-1897.

8.    Any final examination or inspection reports, in connection with In the Matter of Transkaryotic Therapies, Inc., SEC File No. B-1897, prepared by the Office of Compliance Inspections and Examinations, the Division of Market Regulation, or the Division of Investment Management, if the SEC intends either to introduce any such report into evidence or to use any such report to refresh the recollection of any witness.

9.    All documents Plaintiff claims support the allegations in its Complaint.

10.    All documents identified in, or which relate to, were referred to, formed the basis of, or were used in the preparation of the Complaint.

11.    All documents relating to TKT, Dr. Selden, Replagal or Fabrazyme.

12.    All documents relating to or referring to any of the following individuals:  William Aliski, Jon Alsensas, Michael Astrue, Howard A. Austin, III, James E. Balow, Kate Beardsley, Michael Bongiorno, Roscoe O. Brady, Suzanne Bruhn, Nancy Buc, Jennifer Chao, Beverly Conner, Helen, John Hill, Critchley, Rick Curro, Thomas Dietz, William Dull, John Edwards, Renato Fuchs, Daniel Geffken, Walter Gilbert, Bradley Glasscock, Kurt Gunter, Dennis Harp, Andrew Henderson, Thomas Hirte, Alan Kimura, Neil Kirby, Justine Koenigsberg, Jeffrey B. Kopp, Kathleen Lamborn, Jonathan Leff, Daniella Lutz, Burley L. Lyons, Jr.,  Robert Mensah, William Miller, David F. Moore, Rodman Moorhead, David Pendergast, Linda Pettengill, Ronald Perrone, William Pursley, David Redlick, Kathleen Reedy, Dwaine Rieves, Jeffrey Rudman, Amy Rosenberg, Sharda Sabnis, Raphael Schiffmann, Jodi Schiloski, Eric Schmidt, Steve Schmitz, Paul Schneider, Thomas Schuetz, Lauren Scott, Jay Siegel, Steven Singer, Linda Skiadany, Lilian Stem, John William Tanner, Ravi Thadhani, James Thomas, John Treacy, Doug Treco, Dan Troy, Marc Walton, Thais Weibel, Karen Weiss, Andreas Woppman, Barbara Yates or Wayne Yetter.

13.    To the extent not already provided, all documents received from the FDA or generated by the FDA relating to TKT, Dr. Selden, Replagal or Fabrazyme.

14.    All documents received from the FDA or generated by the FDA relating to any action or inaction of the FDA, TKT or others relating to TKT, Dr. Selden, Replagal.

2

15.     All documents relating to the SEC or FDA and relating to TKT, Dr. Selden or Replagal including any action or inaction by the FDA or SEC relating to TKT, Dr. Selden or Replagal.

16.     Any proposed or final guidelines, protocols, FAQ's or other advisories for the information or assistance of those making public disclosures of the status of a drug or biologics application approval or denial by the FDA.

17.     All documents relating to the joint FDA/SEC effort to increase the public's protection from false and misleading statements by enhancing inter-agency cooperation.

18.     All documents which Plaintiff intends to introduce into evidence in the trial of this action.

19.     All documents including tangible reports, physical models, compilations of data and other material prepared by an expert or for an expert in anticipation of the expert's trial and deposition testimony in this action.

20.     All documents, including but not limited to, notes, memoranda, correspondence, agendas, meeting minutes, reports, electronic mail messages and schedules, in the paper or electronic files, which were used in preparation for, created at, or refer or relate to any communications (whether paper, electronic, telephonic or other form) reflecting any actual or prospective communications between the SEC, on the one hand and, on the other, the FDA ,TKT or Dr. Selden.

21.     All memoranda, reports, summaries, or analyses, including drafts thereof, or other documents summarizing, discussing or evaluating TKT's application for FDA approval of Replagal.

22.     All memoranda, reports, summaries, or analyses, including drafts thereof, or other documents summarizing, discussing or evaluating Genzyme's application for FDA approval of Fabrazyme.

## DEFINITIONS AND INSTRUCTIONS

A.    Dr. Selden incorporates by reference the Uniform Definitions In Discovery
      Requests as set forth in United States District Court for the District of
      Massachusetts Local Rule 26.5.

B.    As used in this request, the term "communication" means and includes, without
      limitation, any correspondence, memoranda, notes, telephone conversations, and
      other conversations, conferences or meetings, whether oral, written or electronic.

C.    As used in this request, the term "Complaint" means the complaint filed by
      Plaintiff in this action.

D.    As used in this request, "Dr. Selden, " "Richard F. Selden" or "Defendant" means
      Richard F. Selden, his employees, representatives, agents, attorneys and all other
      persons or entities acting or purporting to act on his behalf.

E.    As used in this request, the term "document" means all materials in your
      possession, custody or control, including, without limitation, the following: all
      written or graphic matter, however produced or reproduced onto any other
      tangible record and however created or stored (manually, mechanically,
      electronically or otherwise) including but not limited to, all writings or
      recordings, whether set down in handwriting, typewriting, printing, photostating,
      photographing, magnetic impulse, mechanical or electronic recording or other
      form of data complications, and any drafts of all documents, whether or not used
      or circulated, and all versions of a document, both with and without notations.

F.    As used in this request, the term "Fabrazyme" refers to all products developed or
      marketed by Genzyme for the treatment of Fabry disease.

G.    As used in this request, "FDA" means the U.S. Food & Drug Administration, and
      its departments, including but not limited to the Center for Biologics Evaluation
      and Research ("CBER"), any FDA employee, staff, consultant, agent or any other
      member, guest or other person invited to advise the FDA in connection with any
      scheduled or actual advisory committee meeting relating to the evaluation of
      Replagal or Fabrazyme.

H.    As used in this request, "Genzyme" means Genzyme Corp., and its parents,
      successors, subsidiaries, divisions, operating units, affiliates, principals, officers,
      directors, employees, agents, attorneys, independent contractors and any person
      acting on their behalf.

I.    The term "person" includes natural persons, or any business, legal, or
      governmental entity or association.

J.    As used in this request, "Plaintiff," "SEC," "you" or "yours" includes the United
      States Securities and Exchange Commission, and each of its officers, employees,
      agents, representatives, attorneys, or any other individual or entity presently or

formerly acting at their request or on their behalf.

K.    As used in this request, the term "relating to" a given subject matter means any document or communication that constitutes, contains, embodies, comprises, reflects, identifies, states, refers to, deals with, comments on, responds to, describes, analyzes, or is in any way pertinent to that subject, including, but not limited to, documents concerning the presentation of other documents.

L.    As used in this request, the term "Replagal" refers to all products developed or marketed by TKT for the treatment of Fabry disease.

M.    As used in this request, "TKT" means Transkaryotic Therapies, Inc., and its parents, successors, subsidiaries, divisions, operating units, affiliates, principals, officers, directors, employees, agents, attorneys, independent contractors and any person acting on their behalf.

N.    The singular includes the plural and the plural includes the singular; the words "and" and "or" shall be both conjunctive and disjunctive; "any" means "any and all"; the word "include" or "including" means including without limitation.

O.    Each request for documents seeks production of the document in its entirety, without abbreviation or expurgation, including all attachments or other matters affixed thereto.

P.    The term "contacted" means communicated with directly or indirectly in any way, including but not limited to the following: telephone, computer, telecopy, telefacsimile, letter, telegram, answering machine, and in person, whether verbally or otherwise.

Q.    If any document covered by this Request is withheld by reason of a claim or privilege, a list is to be furnished at the time that documents are produced identifying any such documents for which the privilege is claimed together with the following information with respect to any such document withheld: date, sender, recipient, any person to whom copies were furnished and the identity of any person, general subject matter, basis on which privilege is claimed and the paragraph of this Request to which such document relates.

R.    In the event that any document called for by this Request has been destroyed, lost, discarded or otherwise disposed of within the twelve months preceding the date of this Request, any such document is to be identified as completely as possible, including, without limitation, the following information: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal and person disposing of the document.

S.    If Plaintiff has any objections to this Request, a written statement containing those objections is to be furnished at the time specified herein for the production of documents.

T.   Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, this Request shall be deemed continuing so as to require further and supplemental production if Plaintiff, witnesses or such other person who are served herewith obtain additional documents between the time of initial production and the time of hearing or trial documents are to be produced as they are kept in the usual course of business so that defendant can ascertain the file in which they are located, their relative order in such files and how such files were maintained.

U.   Unless otherwise stated, the time period for this request is January 1, 1997 through present.


Dated: October 28, 2005                        Respectfully submitted,
       Boston, Massachusetts

                                               Thomas J. Dougherty (BBO #132300)
                                               Justin J. Daniels (BBO #656118)
                                               Cale P. Keable (BBO #651627)
                                               SKADDEN, ARPS, SLATE,
                                                   MEAGHER & FLOM LLP
                                               One Beacon Street
                                               Boston, Massachusetts 02108
                                               (617) 573-4800

                                               Counsel for Defendant
                                               Richard F. Selden


**CERTIFICATE OF SERVICE**

I, Justin J. Daniels, hereby certify that on October 28, 2005, I caused a true copy of the foregoing Defendant's First Request For The Production Of Documents to be served by hand delivery upon Walter G. Ricciardi, United States Securities and Exchange Commission, 73 Tremont Street, Suite 600, Boston, Massachusetts 02108.

Dated:  October 28, 2005

                                               Justin J. Daniels

6

**TAB D**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-11805-NMG |
| ) | |
| RICHARD F. SELDEN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S RESPONSE TO
DEFENDANT'S FIRST REQUEST
FOR THE PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff Securities and

Exchange Commission ("the Commission") hereby responds to the first request for the

production of documents served by defendant Richard Selden.

1.      *To the extent not already provided, all documents falling within the categories of documents set forth in Fed. R. Civ. P. 26(a)(1).*

**Response:**      The Commission has no documents responsive to this request.

2.      *To the extent not already provided, every subpoena issued in connection with* In the Matter of Transkaryotic Therapies, Inc.*, SEC File No. B-1897.*

**Response:**      The Commission has no documents responsive to this request.

3.      *To the extent not already provided, every other written request to persons not employed by the SEC to provide documents or to be interviewed in connection with* <u>In the Matter of Transkaryotic Therapies, Inc.</u>, *SEC File No. B-1897.*

**Response:**      The Commission has no documents responsive to this request.

4.      *To the extent not already provided, all documents turned over in response to any subpoenas or other written requests referenced in ¶¶ 2 or 3, above.*

**Response:**      The Commission has no documents responsive to this request.

5.      *All notes of interviews taken in connection with* <u>In the Matter of Transkaryotic Therapies, Inc.</u>, *SEC File No. B-1897 (see, e.g.* <u>SEC v. Chancellor Corp. et al.</u>, *No. 03-10762 (D.Mass. Jan. 4, 2005) (Lasker, J.)).*

**Response:**      The Commission objects to this request because it calls for the production of documents protected by the work product doctrine.  Further answering, the Commission states that the January 4, 2005 order in *SEC v. Chancellor Corp.* did not require the production of staff interview notes.

6.      *To the extent not already provided, all transcripts and transcript exhibits in connection with* <u>In the Matter of Transkaryotic Therapies, Inc.</u>, *SEC File No. B-1897.*

**Response:**      The Commission has no documents responsive to this request.

7.      *Any other documents obtained from persons not employed by the SEC in connection with* <u>In the Matter of Transkaryotic Therapies, Inc.</u>, *SEC File No. B-1897.*

**Response:**      The Commission has already produced all documents responsive to this request.

8.      *Any final examination or inspection reports, in connection with* <u>In the Matter of Transkaryotic Therapies, Inc.</u>, *SEC File No. B-1897, prepared by the Office of Compliance Inspections and Examinations, the Division of Market Regulation, or the Division of Investment Management, if the SEC intends either to introduce any such report into evidence or to use any such report to refresh the recollection of any witness.*

**Response:**   The Commission has no documents responsive to this request.


9.   *All documents Plaintiff claims support the allegations in its Complaint.*

**Response:**   The Commission has already produced all documents responsive to this request.


10.   *All documents identified in, or which relate to, were referred to, formed the basis of, or were used in the preparation of the Complaint.*

**Response:**   The Commission has already produced all documents responsive to this request.


11.   *All documents relating to TKT, Dr. Selden, Replagal or Fabrazyme.*

**Response:**      The Commission objects to this request to the extent that it calls for the production of documents protected by the deliberative process privilege, the attorney-client privilege, and/or the work product doctrine. As the Commission has previously informed the defendant, the Commission is withholding the following categories of privileged documents: (1) internal correspondence involving Commission attorneys and other staff members; (2) materials related to Action Memoranda and Formal Order Memoranda prepared by Commission staff attorneys and submitted to the Commission; (3) notes and outlines of interviews prepared by Commission attorneys and other staff members; (4) note and outlines of investigative testimony prepared by Commission attorneys and other staff members; (5) notes prepared by Commission attorneys and other staff members concerning their oral or written communications with third parties and other government agencies; (6) access requests from other government agencies; (7) legal research by Commission attorneys and other staff members; and (8) spreadsheets and other outlines prepared by Commission attorneys and other staff members. Subject to this objection,

3

the Commission states that it has already produced its entire non-privileged investigative file for this matter.

12.     *All documents relating to or referring to any of the following individuals: William Aliski, Jon Alsensas, Michael Astrue, Howard A. Austin III, James E. Balow, Kate Beardsley, Michael Bongiorno, Roscoe O. Brady, Suzanne Bruhn, Nancy Buc, Jennifer Chao, Beverly Conner, Helen [last name ??], John Hill, Critchley [first name ??], Rick Curro, Thomas Dietz, William Dull, John Edwards, Renato Fuchs, Daniel Geffken, Walter Gilbert, Bradley Glasscock, Kurt Gunter, Dennis Harp, Andrew Henderson, Thomas Hirte, Alan Kimura, Neil Kirby, Justine Koenigsberg, Jeffrey B. Kopp, Kathleen Lamborn, Jonathan Leff, Daniella Lutz, Burley L. Lyons, Robert Mensah, William Miller, David F. Moore, Rodman Moorhead, David Pendergast, Linda Pettengill, Ronald Perrone, William Pursley, David Redlick, Kathleen Reedy, Dwaine Rieves, Jeffrey Rudman, Amy Rosenberg, Sharda Sabnis, Raphael Schiffmann, Jodi Schiloski, Eric Schmidt, Steve Schmitz, Paul Schneider, Thomas Schuetz, Lauren Scott, Jay Siegel, Steven Singer, Linda Skiadany, Lilian Stem, John William Tanner, Ravi Thadhani, James Thomas, John Treacy, Doug Treco, Dan Troy, Marc Walton, Thais Weibel, Karen Weiss, Andreas Woppman, Barbara Yates or Wayne Yetter.*

**Response:**     See the Commission's response to Request No. 11.

13.     *To the extent not already provided, all documents received from the FDA or generated by the FDA relating to TKT, Dr. Selden, Replagal or Fabrazyme.*

**Response:**     The Commission has no documents responsive to this request.

14.     *All documents received from the FDA or generated by the FDA relating to any action or inaction of the FDA, TKT or others relating to TKT, Dr. Selden [or] Replagal.*

**Response:**     The Commission has already produced all documents responsive to this request.

15.     *All documents relating to the SEC or FDA and relating to TKT, Dr. Selden or Replagal including any action or inaction by the FDA or SEC relating to TKT, Dr. Selden or Replagal.*

**Response:**     See the Commission's response to Request No. 11.

16.     *All proposed or final guidelines, protocols, FAQ's or other advisories for the information or assistance of those making public disclosures of the status of a drug or biologics application approval or denial by the FDA.*

**Response:**     The Commission has no documents responsive to this request.


17.     *All documents relating to the joint FDA/SEC effort to increase the public's protection from false and misleading statements by enhancing inter-agency cooperation.*

**Response:**     The Commission objects to this request to the extent that it calls for the

production of documents protected by the deliberative process privilege, the law enforcement

privilege, and/or the attorney-client privilege.  Based on these privileges, the Commission is

withholding the following documents:  (1) an Advice Memorandum dated January 27, 2004 from

the Division of Enforcement, the Division of Corporation, and the Office of General Counsel to

the Commission; and (2) materials concerning a presentation on December 6, 2004 by members

of the FDA staff to members of the SEC staff.  Subject to this objection, the Commission will

produce copies of the following documents:  (1) a letter dated February 3, 2004 from the FDA to

the SEC; (2) a letter dated February 4, 2004 from the SEC to the FDA; (3) a press release dated

February 5, 2004 issued by the SEC; and (4) a press release dated February 5, 2004 issued by the

FDA.


18.     *All documents which Plaintiff intends to introduce into evidence in the trial of this action.*

**Response:**     The Commission has not yet determined which documents it will introduce into

evidence at a trial of this action.  The Commission will disclose its anticipated trial exhibits in

accordance with any applicable pretrial order of the Court.

19.    *All documents including tangible reports, physical models, compilations of data and other material prepared by an expert or for an expert in anticipation of the expert's trial and deposition testimony in this action.*

**Response:**    The Commission has not yet determined whether it will present expert testimony

at a trial of this action.  If the Commission does decide to call one or more experts, it will make

an expert witness disclosure pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure in

accordance with the pretrial schedule set by the Court.

20.    *All documents, including but not limited to, notes, memoranda, correspondence, agendas, meeting minutes, reports, electronic mail messages and schedules, in paper or electronic files, which were used in preparation for, created at, or refer or relate to any communications (whether paper, electronic, telephonic or other form) reflecting any actual or prospective communications between the SEC, on the one hand, and, on the other, the FDA, TKT or Dr. Selden.*

**Response:**    See the Commission's response to Request No. 11.

21.    *All memoranda, reports, summaries, or analyses, including drafts thereof, or other documents summarizing, discussing or evaluating TKT's application for FDA approval of Replagal.*

**Response:**    The Commission has no documents responsive to this request.

22.    *All memoranda, reports, summaries, or analyses, including drafts thereof, or other documents summarizing, discussing or evaluating Genzyme's application for FDA approval of Fabrazyme.*

**Response:**    The Commission has no documents responsive to this request.

6

Respectfully submitted,

_Frank C Huntington_

Frank C. Huntington (BBO #544045)
Senior Trial Counsel

David E. Butler (BBO #549721)
Senior Enforcement Counsel

Attorneys for Plaintiff
**SECURITIES AND EXCHANGE COMMISSION**
73 Tremont Street, Suite 600
Boston, MA 02108
(617) 573-8960 (Huntington)
(617) 573-8918 (Butler)
(617) 424-5940 (fax)

Dated: December 12, 2005

## CERTIFICATE OF SERVICE

I, Frank C. Huntington, certify that on December 12, 2005, the foregoing Plaintiff's Response to Defendant's First Request for the Production of Documents was served by first-class mail to defendant's counsel of record at the address listed below:

Thomas J. Dougherty, Esq.
Justin J. Daniels, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
One Beacon Street
Boston, MA  02108

_____
Frank C. Huntington

8