UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Civil Action No. 05-11805-NMG |
| RICHARD F. SELDEN, | ) ) ) |
| Defendant. | ) ) ) |

**PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL
RULE 30(b)(6) DEPOSITION**

Plaintiff Securities and Exchange Commission ("the Commission") hereby opposes the motion of defendant Richard F. Selden ("Selden") to compel a deposition of the Commission pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.

**SUMMARY**

Selden has noticed the Rule 30(b)(6) deposition of the Commission with respect to two topics. The first is the Commission's "coordination" with the Food and Drug Administration ("FDA") during the investigation that preceded the filing of this action. The appropriate witness would be David E. Butler, Esq., the staff attorney who was primarily responsible for the Commission's investigation and who is currently co-counsel representing the Commission in this litigation. A deposition of attorney Butler would inevitably intrude upon the Commission's work product, and courts have routinely granted protective orders to prevent defendants from deposing Commission attorneys about their thought processes and investigative strategy. Selden cannot

possibly justify this intrusion into the Commission's work product, especially where the Commission has already produced the documents and investigative testimony that it obtained from the FDA and that support its claims against Selden in this action.

The second topic is the Commission's guidance to public companies concerning how to make proper disclosure about the status of their applications for drug approval by the FDA. The Commission has already told Selden, in its response to his initial request for documents, that it has no documents reflecting any proposed or final guidance to public companies concerning this topic. The Commission cannot designate a witness knowledgeable about such guidance when, in fact, no such guidance exists.

Selden's demand for a Rule 30(b)(6) deposition of the Commission is thus, in the first instance, improper, and in the second instance, unnecessary. Further, if Selden intended to use the Rule 30(b)(6) deposition to obtain certain formal representations from the Commission – such as a representation that the Commission has produced all documents and investigative testimony obtained from the FDA, or a representation that the Commission has issued no guidance to public companies concerning disclosure about FDA applications – then the Commission can certainly provide such representations through other forms of discovery, such as interrogatories or requests for admission. Accordingly, the Court should deny Selden's motion to compel a Rule 30(b)(6) deposition of the Commission and should excuse the Commission from any obligation to produce witnesses in response to Selden's deposition notice.

## BACKGROUND

### A.  The Commission's Allegations

This case arises from material misrepresentations by Transkaryotic Therapies, Inc. ("TKT"), a bio-pharmaceutical company based in Cambridge, Massachusetts, and by Selden, TKT's former CEO.  Between at least October 2000 and October 2002, TKT and Selden misrepresented that clinical trials for TKT's flagship drug, Replagal, were a success and made positive statements about Replagal's chances of being approved for sale in the U.S. by the FDA. In fact, beginning in January 2001, the FDA had informed TKT that its principal clinical trial was a failure and that Replagal would not receive FDA approval based on that trial.  At all relevant times, Selden was the CEO of TKT and knew the negative information about Replagal. Nevertheless, he made, signed, participated in, or otherwise authorized a series of materially misleading public statements by TKT about the status of the FDA application for Replagal.  In addition, he sold 90,000 shares of TKT stock while in possession of material non-public information about the negative clinical results and other problems with the FDA application, thereby avoiding losses of more than $1.6 million that he would have incurred had he held the stock until October 2002, when TKT finally disclosed some of the negative information about the application and its stock price dramatically declined.

### B.  Discovery to Date and Related Proceedings

On October 17, 2005, the Commission served its initial disclosures, which listed the categories of documents in its non-privileged investigative file and identified nearly forty persons likely to have discoverable information concerning different aspects of the Commission's claims. Attorney Butler was not identified as a person likely to have discoverable information.  At the

same time, the Commission offered to make its entire non-privileged investigative file available to Selden upon reasonable notice. The Commission's non-privileged investigative file contains approximately twenty boxes of materials obtained from third parties, including several folders of documents obtained from the FDA, as well as transcripts from the testimony of sixteen witnesses, including one witness from the FDA. Selden's attorneys have reviewed the entire non-privileged investigative file and have obtained copies of portions of the file.

On October 28, 2005, Selden served the Commission with an expert interrogatory and requests for documents. On December 12, 2005, the Commission responded to those discovery requests.[1]

As the Court is aware, the parties' attention during 2006 was focused on Selden's requests for discovery from the FDA. On October 27, 2006 – before his dispute with the FDA had even been resolved – Selden filed a sweeping motion to preclude the Commission from offering at trial any evidence obtained from the FDA. At a hearing on November 3, 2006, however, Selden agreed to put his preclusion motion in abeyance pending further discussions with the FDA, and the Court stated that the Commission need not file an opposition to the preclusion motion until further notice.[2]

The Commission understands that Selden has since reached an agreement with the FDA concerning the scope and timing of its document production, and that the FDA's production of documents should be completed by the end of May 2007. The Commission also understands that

---

[1] Selden's initial document requests and the Commission's response are attached to Selden's brief as Exhibits C and D.

[2] On April 23, 2007, all pending motions, including Selden's preclusion motion, were referred to the Magistrate Judge, and a hearing has been scheduled for August 13, 2007.

the FDA has agreed to make four of its personnel available for depositions, and that the depositions are expected to take place in July 2007. The Commission understands that, at this point, the only remaining dispute between Selden and the FDA concerns Selden's Rule 30(b)(6) deposition notice to the FDA. It is not clear to the Commission whether Selden will continue to press his preclusion motion under these circumstances, but Selden's counsel has promised to provide the Commission with a clarification of his position well before the hearing on August 13, 2007 so that, if necessary, the Commission can submit an opposition to the preclusion motion.

On April 13, 2007, Selden served the Commission with a second request for documents and a notice of deposition under Rule 30(b)(6) seeking testimony on four topics. On April 27, 2007, after discussions between counsel, Selden reissued the Rule 30(b)(6) deposition notice with two topics:[3]

>   1. Overview of SEC/FDA coordination as it relates to this case including confirmation of materials provided by FDA to SEC.
>
>   2. SEC guidance made available to issuers regarding disclosure of status of INDs/NDAs/BLAs with FDA/CBER/CDER.

On May 14, 2007, after further discussions between counsel, the Commission responded to Selden's second document request and expressed the Commission's understanding that Selden was going to re-evaluate his demand for a Rule 30(b)(6) deposition.[4] On May 17, 2007, however, Selden responded to the Commission's letter by filing his motion to compel.

---

[3] Selden's reissued Rule 30(b)(6) notice is attached to his brief as Exhibit A.

[4] The Commission's letter of May 14, 2007 is attached to Selden's brief as Exhibit B.

**ARGUMENT**

I. **The First Proposed Topic Is an Improper Attempt to Depose a Commission Attorney and to Intrude into the Commission's Work Product**

This is not a private dispute in which each litigant has first-hand knowledge of the matters at issue and depositions are a natural vehicle for each party to learn what the opposing party's witnesses know about the underlying facts. The Commission is a law enforcement agency charged with investigating and, if appropriate, bringing enforcement actions with respect to violations of the federal securities laws. Attorney Butler was actively involved in the investigation that preceded the filing of this action, but he does not have any first-hand knowledge of Selden's misconduct, and he is not expected to testify at trial. As a result, the proposed deposition of attorney Butler about any "coordination" with the FDA would not lead to the discovery of admissible evidence but would most definitely enable Selden to probe the thought processes and litigation strategy of one of the Commission's attorneys of record.

Courts have routinely entered protective orders to prevent defendants from using depositions to ask the Commission's attorneys about their factual analysis and litigation strategy. *See, e.g.*, SEC v. Buntrock, 2004 WL 1470278 (N.D.Ill. June 29, 2004); SEC v. Rosenfeld, 1997 WL 576021 (S.D.N.Y. Sept. 16, 1997); SEC v. Morelli, 143 F.R.D. 42 (S.D.N.Y. 1992); In re Bilzerian, 258 B.R. 846 (Bkrtcy.M.D.Fla. 2001). In those cases, a defendant sought to depose the Commission personnel most knowledgeable about the basis for the Commission's claims pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. In each case, the court readily concluded that the persons with knowledge would be the Commission's attorneys, and that the proposed deposition would be an abuse of discovery.

As the court noted in Rosenfeld, the Commission is a law enforcement agency which necessarily acts through its attorneys:

> [T]his action is an SEC enforcement proceeding seeking a determination as to whether defendant has violated the securities laws of this country.... [B]ecause such investigations are conducted by the SEC's legal staff, a Rule 30(b)(6) deposition of an SEC official with knowledge of the extent of that investigative effort amounts to the equivalent of an attempt to depose the attorney for the other side.

1997 WL 576021 at *2.[5]  Courts view a party's attempt to take the deposition of opposing counsel in a "negative light." SEC v. Morelli, 143 F.R.D. at 47. As the Eighth Circuit explained in Shelton v. American Motors Corp.:

> Taking the deposition of opposing counsel not only disrupts the adversarial system and lowers the standards of the profession, but it also adds to the already burdensome time and costs of litigation. It is not hard to imagine additional pretrial delays to resolve work-product and attorney-client objections, as well as delays to resolve collateral issues raised by the attorney's testimony. Finally, the practice of deposing opposing counsel detracts from the quality of client representation.

805 F.2d 1323, 1327 (8th Cir. 1986). Because a deposition of opposing counsel is both burdensome and disruptive, the party receiving such a deposition notice is presumptively entitled to a protective order unless its adversary can demonstrate: "(1) no other means exist to obtain the information than to depose opposing counsel ...; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case." *Id.*

Selden cannot make such a heavy showing here. First, to the extent that he is looking for the factual information that the Commission obtained from the FDA and will use to support its

---

[5] *See also* FTC v. U.S. Grant Resources, 2004 WL 1444951, *9 (E.D.La. June 25, 2004) ("we are dealing here with the results of an attorney-conducted and directed consumer fraud (law enforcement) investigation").

claims against him in this case, that information lies in the documents and testimony that the Commission obtained from the FDA during its investigation, not in the mind of attorney Butler. As the court stated in Buntrock:

> No one at the SEC has any firsthand knowledge of the facts at issue in this case... It is the SEC's investigative files, as gathered and organized from third parties, which constitute the sources of the underlying facts of this case.

2004 WL 1470278 at *4. In this case, as in Buntrock, the Commission has already made its entire non-privileged file – including documents and testimony obtained from the FDA – available to Selden, and no deposition of a Commission attorney is going to lead to any additional admissible evidence.

Second, to the extent that Selden is looking for the Commission's investigative strategy as reflected in attorney Butler's communications with FDA personnel, that information is clearly protected by the work product doctrine embodied in Rule 26(b)(3) of the Federal Rules of Civil Procedure. As the court explained in Morelli, "the touchstone of the work-product inquiry is whether the discovery demand is made with the precise goal of learning what the opposing attorney's thinking or strategy may be." 143 F.R.D. at 46-47, *citing* In re Grand Jury Subpoenas, 959 F.2d 1158, 1166 (2nd Cir. 1992). A deposition of the Commission's attorneys "necessarily involves work product" because the defendant "is seeking to discover the SEC's theories as to the underlying facts, how it intends to marshal those facts, and its belief as to the inferences that may be drawn from those facts." SEC v. Buntrock, 217 F.R.D. 441, 445-446 (N.D.Ill. 2003) (magistrate's decision). The court in Morelli emphatically denied that a defendant is entitled to probe into the Commission's work product:

8

> [T]he proposed Rule 30(b)(6) deposition constitutes an impermissible attempt by defendant to inquire into the mental processes and strategies of the SEC... The court is drawn inexorably to the conclusion that [the] notice of deposition is intended to ascertain how the SEC intends to marshall the facts, documents and testimony in its possession, and to discover the inferences that plaintiff believes properly can be drawn from the evidence it has accumulated.

143 F.R.D. at 47. So did the court in Bilzerian:

> [T[he taking of the deposition of the SEC – which would necessarily require the taking of the deposition of their lead counsel or someone with knowledge gained exclusively from the SEC's counsel – is not an appropriate use of Fed. R. Civ. Proc. 30(b)(6). To allow the deposition would seriously impinge on the work product of the SEC's primary lawyer and would potentially allow unwarranted inquiries into the mental impressions of their attorney and would produce no non-privileged information.

258 B.R. at 849.[6]

Lastly, to the extent that Selden simply wants, in his words, "confirmation of materials provided by FDA to SEC," he can do so through other forms of discovery such as interrogatories or requests for admissions. While Selden is correct that depositions are sometimes the most appropriate vehicle for obtaining certain information in discovery, that reasoning does not apply here and, not surprisingly, none of the cases that he cites involved the deposition of a government enforcement attorney about the nature of his investigation. If Selden wants the Commission to confirm its previous representation that it has produced its entire non-privileged investigative file,

---

[6] *See also* In re Sealed Case, 856 F.2d 268, 273 (D.C. Cir. 1988) (SEC staff cannot be compelled to testify about what witnesses said during investigative interviews because staff's mental impressions about such interviews were made in anticipation of litigation and thus constitute work product); SEC v. World-Wide Investments, Ltd., 92 F.R.D. 65, 67 (N.D.Ga. 1981) ("even though [two SEC attorneys] possibly have knowledge regarding the circumstances underlying the initiation of the complaint in the case, they are trial counsel for the plaintiff as well, and as such, this court does not deem it proper for them to be subjected to depositions").

including documents and testimony obtained from the FDA, then he can serve an appropriate interrogatory or request for admission and the Commission will respond accordingly.

**II.    The Commission Cannot Produce a Witness
        with Respect to the Second Proposed Topic**

Item #16 in Selden's first request for documents called for:

> All proposed or final guidelines, protocols, FAQ's or other advisories for the information or assistance of those making public disclosures of the status of a drug or biologics application approval or denial by the FDA.

In its response, the Commission stated that it has no documents responsive to the request. The second topic in Selden's Rule 30(b)(6) notice is virtually identical to his previous document request:

> SEC guidance made available to issuers regarding disclosure of status of INDs/NDAs/BLAs with FDA/CBER/CDER.

Since the Commission has already stated that it has no documents reflecting such guidance, Selden does not need a deposition to establish the same point.

Selden argues (Brief at 9) that he is entitled to "test" the Commission's assertion that it has not issued any guidance concerning FDA disclosure. This argument is both offensive and nonsensical. First, the Commission through its counsel has already offered a formal representation that the Commission has no documents reflecting such guidance. The Commission has no reason to deny issuing public guidance on a particular topic, and Selden has not offered any evidence – in the form of citations to the Federal Register or the Code of Federal Regulations, for example – to suggest that the Commission's representation was in error. Second, the Commission

10

simply cannot respond to this portion of Selden's Rule 30(b)(6) because it cannot produce a person knowledgeable about guidance that does not exist.

Once again, the Commission has offered to provide formal confirmation of certain matters if that is what Selden is really looking for. In this instance, if Selden wants the Commission to confirm its previous representation that it has issued no guidance to public companies concerning disclosure about FDA applications, then he can serve an appropriate interrogatory or request for admission and the Commission will respond accordingly.

## CONCLUSION

For the reasons set forth above, the Court should deny Selden's motion to compel a Rule 30(b)(6) deposition of the Commission and should excuse the Commission from any obligation to produce witnesses in response to Selden's deposition notice.

Respectfully submitted,

/s/
Frank C. Huntington (BBO #544045)
Senior Trial Counsel

David E. Butler (BBO #549721)
Senior Enforcement Counsel

Attorneys for Plaintiff
**SECURITIES AND EXCHANGE COMMISSION**
73 Tremont Street, Suite 600
Boston, MA  02108
(617) 573-8960  (Huntington)
(617) 573-8918  (Butler)
(617) 424-5940  (fax)

Dated:  May 25, 2007

## CERTIFICATE OF SERVICE

      I, Frank C. Huntington, certify that on May 25, 2007, the foregoing Plaintiff's Opposition to Defendant's Motion to Compel Rule 30(b)(6) Deposition was filed electronically with the Court and a copy was served by first-class mail to the defendant's counsel of record:

Thomas J. Dougherty, Esq.
Justin J. Daniels, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
One Beacon Street
Boston, MA  02108


                                                _____/s/_____
                                                Frank C. Huntington