UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD F. SELDEN,<br><br>Defendant. | Civil Action No. 05-11805-NMG |

## CONSENT TO JUDGMENT

1. Defendant Richard F. Selden acknowledges having been served with the Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over himself and over the subject matter of this action.

2. Without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction, which he admits), Selden hereby consents to the entry of the Judgment in the form attached hereto (the "Judgment") and incorporated by reference herein, which, among other things:

   (a) permanently restrains and enjoins him from violation of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §77q(a)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §78j(b)] and Rule 10b-5 thereunder [17 C.F.R. §240.10b-5], and from aiding and abetting a violation of Section 13(a) of the Exchange Act

Initials: _MW_

[15 U.S.C. §78m(a)] and Rules 12b-20, 13a-1, 13a-11 and 13a-13 thereunder [17 C.F.R. §§240.12b-20, 240.13a-1, 240.13a-11, 240.13a-13];

(b) orders him to pay: (i) disgorgement in the amount of $714,800, together with pre-judgment interest thereon in the amount of $326,617, for a total disgorgement obligation of $1,041,417, and (ii) a civil penalty of $125,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)], for a total obligation of $1,166,417 to be paid in accordance with the payment plan set forth in the Judgment; and

(c) provides that, upon motion of the Commission, the Court shall determine whether it is appropriate to enter an order, pursuant to Section 20(e) of the Securities Act [15 U.S.C. §77t(e)] and Section 21(d)(2) of the Exchange Act [15 U.S.C. §78u(d)(2)], barring him from serving as an officer or director of any issuer required to file reports with the Commission pursuant to Sections 12(b), 12(g) or 15(d) of the Exchange Act [15 U.S.C. §§78l(b), 78l(g), 78o(d)]. With respect to the motion, the Commission will ask the Court to impose a five-year bar, and Selden will ask that no bar be imposed.

3. Selden agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that he pays pursuant to the Judgment, regardless of whether such penalty amounts or any part thereof are added to a

distribution fund or otherwise used for the benefit of investors. Selden further agrees that he shall not claim, assert or apply for a tax deduction or tax credit with regard to any federal, state or local tax for any penalty amounts that he pays pursuant to the Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4. Selden agrees that, in connection with the Commission's motion for entry of an order barring him from serving as an officer or director of any issuer required to file reports with the Commission pursuant to Sections 12(b), 12(g) or 15(d) of the Exchange Act, and at any hearing held on such a motion: (a) he will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) he may not challenge the validity of this Consent or the Judgment; and (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court.

5. Selden waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6. Selden waives the right, if any, to a jury trial and to appeal from the entry of the Judgment.

7. Selden enters into this Consent voluntarily and represents that no threats, offers, promises or inducements of any kind have been made by the Commission or any member, officer, employee, agent or representative of the Commission to induce him to enter into this Consent.

8. Selden agrees that this Consent shall be incorporated into the Judgment with the same force and effect as if fully set forth therein.

3

Initials: _M_

9. Selden will not oppose the enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10. Selden waives service of the Judgment and agrees that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute notice to him of its terms and conditions. Selden further agrees to provide counsel for the Commission, within thirty days after the Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that he has received and read a copy of the Judgment.

11. Consistent with 17 C.F.R. §202.5(f), this Consent resolves only the claims asserted against Selden in this civil proceeding. Selden acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Selden waives any claim of double jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Selden further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based upon the entry of the injunction in this

action, Selden understands that he shall not be permitted to contest the factual allegations of the Complaint in this action.

12.     Selden understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings" [17 C.F.R. §202.5(e)].  In compliance with this policy, Selden agrees:  (a) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; and (b) that upon the filing of this Consent, he shall be deemed to have withdrawn any papers filed in this action to the extent that they deny any allegation in the Complaint.  If Selden breaches this agreement, the Commission may petition the Court to vacate the Judgment and restore this action to its active docket.  Nothing in this provision affects Selden's:  (a) testimonial obligations;  (b) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party; or (c) right to contest the entry of an order barring him from serving as an officer or director as referenced in paragraph 2, subsection (d) of this Consent.

13.     Selden hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses or costs expended by him to defend against this action.  For these purposes, Selden agrees that he is not the prevailing party in this action since the parties have reached a good faith settlement.

Initials: [signature]

14. Selden agrees that the Commission may present the Judgment to the Court for signature and entry without further notice.

15. Selden agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Judgment.

_____
**RICHARD F. SELDEN**

On this 16 day of April 2008, Richard F. Selden, being known to me, personally appeared before me and did duly acknowledge to me that he executed the foregoing Consent.

_____
Notary Public

My Commission expires: September 19, 2014

Approved as to form:

_____
Thomas J. Dougherty, Esq.
Justin J. Daniels, Esq.
SKADDEN ARPS SLATE MEAGHER & FLOM, LLP
One Beacon Street
Boston, MA 02108
(617) 573-4800

Attorneys for Defendant Richard F. Selden

6

Initials: ___

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD F. SELDEN,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 05-11805-NMG<br>)<br>)<br>)<br>)<br>) |

## **JUDGMENT**

Plaintiff Securities and Exchange Commission ("Commission") having filed a Complaint in this action, and defendant Richard F. Selden having entered a general appearance, consented to the Court's jurisdiction over himself and the subject matter of this action, consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction), waived findings of fact and conclusions of law, and waived any right to appeal from this Judgment:

### I.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Selden and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise, are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the

mails, directly or indirectly: (a) to employ any device, scheme or artifice to defraud; (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Selden and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §78j(b)] and Rule 10b-5 thereunder [17 C.F.R. §240.10b-5] by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security: (a) to employ any device, scheme, or artifice to defraud; (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Selden and his agents, servants, employees, attorneys, and all persons in active concert or participation

with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. §78m(a)] and Rules 12b-20, 13a-1 and 13a-13 thereunder [17 C.F.R. §§240.12b-20, 240.13a-1 and 240.13a-13] by knowingly providing substantial assistance to an issuer of securities registered under Section 12 of the Exchange Act [15 U.S.C. §78l].

## IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Selden shall pay disgorgement in the amount of $714,800, representing losses avoided as a result of the conduct alleged in the Complaint, together with pre-judgment interest thereon in the amount of $326,617, for a total disgorgement obligation of $1,041,417, and shall pay a civil penalty in the amount of $125,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)]. Selden shall satisfy his total obligation of $1,166,417 by making four (4) installment payments, with each installment to be paid within the periods identified below, calculated from the date of entry of this Judgment:

| Days after Entry | Amount Due |
|---|---|
| 10 days | $291,604 |
| 180 days | $291,604 |
| 240 days | $291,604 |
| 360 days | $291,605 |
| | $1,166,417 |

Each installment payment shall include post-judgment interest calculated pursuant to 28 U.S.C. §1961 and accruing from the date of entry of this Judgment. If Selden fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Judgment, including post-judgment interest, minus any

payments made, shall become due and payable immediately, without further application to the Court.

Each installment payment shall be made by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. Each payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, VA 22312, together with a cover letter identifying Selden as a defendant in this action, setting forth the title and civil action number of this action and the name of this Court, and specifying that payment is made pursuant to this Judgment. Selden shall simultaneously transmit photocopies of each payment and letter to the Commission's counsel in this action. Selden shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. §1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that, upon motion of the Commission, the Court shall determine whether it is appropriate to enter an order, pursuant to Section 20(e) of the Securities Act [15 U.S.C. §77t(e)] and Section 21(d)(2) of the Exchange Act [15 U.S.C. §78u(d)(2)], barring Selden from serving as an officer or director of any issuer required to file reports with the Commission pursuant to Sections 12(b), 12(g) or 15(d) of the Exchange Act [15 U.S.C. §§78l(b), 78l(g), 78o(d)]. In connection with the Commission's motion for entry of such an order, and at any hearing held on such a motion: (a) Selden will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Selden may not challenge the validity of his Consent or this Judgment; and

(c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court.

## VI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Selden shall comply with all of the undertakings and agreements set forth therein.

## VII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that this Court shall retain jurisdiction over this matter for purposes of enforcing the terms of this Judgment.

DONE AND ORDERED at Boston, Massachusetts, this ___ day of _____, 2008.

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD F. SELDEN,<br><br>Defendant. | Civil Action No. 05-11805-NMG |

## JUDGMENT

Plaintiff Securities and Exchange Commission ("Commission") having filed a Complaint in this action, and defendant Richard F. Selden having entered a general appearance, consented to the Court's jurisdiction over himself and the subject matter of this action, consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction), waived findings of fact and conclusions of law, and waived any right to appeal from this Judgment:

### I.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Selden and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise, are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the

mails, directly or indirectly: (a) to employ any device, scheme or artifice to defraud; (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Selden and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §78j(b)] and Rule 10b-5 thereunder [17 C.F.R. §240.10b-5] by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security: (a) to employ any device, scheme, or artifice to defraud; (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Selden and his agents, servants, employees, attorneys, and all persons in active concert or participation

with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. §78m(a)] and Rules 12b-20, 13a-1 and 13a-13 thereunder [17 C.F.R. §§240.12b-20, 240.13a-1 and 240.13a-13] by knowingly providing substantial assistance to an issuer of securities registered under Section 12 of the Exchange Act [15 U.S.C. §78l].

## IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Selden shall pay disgorgement in the amount of $714,800, representing losses avoided as a result of the conduct alleged in the Complaint, together with pre-judgment interest thereon in the amount of $326,617, for a total disgorgement obligation of $1,041,417, and shall pay a civil penalty in the amount of $125,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)]. Selden shall satisfy his total obligation of $1,166,417 by making four (4) installment payments, with each installment to be paid within the periods identified below, calculated from the date of entry of this Judgment:

| *Days after Entry* | *Amount Due* |
|---|---|
| 10 days | $291,604 |
| 180 days | $291,604 |
| 240 days | $291,604 |
| 360 days | $291,605 |
|  | $1,166,417 |

Each installment payment shall include post-judgment interest calculated pursuant to 28 U.S.C. §1961 and accruing from the date of entry of this Judgment. If Selden fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Judgment, including post-judgment interest, minus any

3

payments made, shall become due and payable immediately, without further application to the Court.

Each installment payment shall be made by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. Each payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, VA 22312, together with a cover letter identifying Selden as a defendant in this action, setting forth the title and civil action number of this action and the name of this Court, and specifying that payment is made pursuant to this Judgment. Selden shall simultaneously transmit photocopies of each payment and letter to the Commission's counsel in this action. Selden shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. §1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

### V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that, upon motion of the Commission, the Court shall determine whether it is appropriate to enter an order, pursuant to Section 20(e) of the Securities Act [15 U.S.C. §77t(e)] and Section 21(d)(2) of the Exchange Act [15 U.S.C. §78u(d)(2)], barring Selden from serving as an officer or director of any issuer required to file reports with the Commission pursuant to Sections 12(b), 12(g) or 15(d) of the Exchange Act [15 U.S.C. §§78l(b), 78l(g), 78o(d)]. In connection with the Commission's motion for entry of such an order, and at any hearing held on such a motion: (a) Selden will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Selden may not challenge the validity of his Consent or this Judgment; and

(c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court.

## VI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Selden shall comply with all of the undertakings and agreements set forth therein.

## VII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that this Court shall retain jurisdiction over this matter for purposes of enforcing the terms of this Judgment.

DONE AND ORDERED at Boston, Massachusetts, this ____ day of _____, 2008.

_____
UNITED STATES DISTRICT JUDGE