UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RICHARD F. SELDEN, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 05-11805-NMG |

## JUDGMENT

Plaintiff Securities and Exchange Commission ("Commission") having filed a Complaint in this action, and defendant Richard F. Selden having entered a general appearance, consented to the Court's jurisdiction over himself and the subject matter of this action, consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction), waived findings of fact and conclusions of law, and waived any right to appeal from this Judgment:

I.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Selden and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise, are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the

mails, directly or indirectly: (a) to employ any device, scheme or artifice to defraud; (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Selden and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §78j(b)] and Rule 10b-5 thereunder [17 C.F.R. §240.10b-5] by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security: (a) to employ any device, scheme, or artifice to defraud; (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Selden and his agents, servants, employees, attorneys, and all persons in active concert or participation

with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. §78m(a)] and Rules 12b-20, 13a-1 and 13a-13 thereunder [17 C.F.R. §§240.12b-20, 240.13a-1 and 240.13a-13] by knowingly providing substantial assistance to an issuer of securities registered under Section 12 of the Exchange Act [15 U.S.C. §78l].

## IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Selden shall pay disgorgement in the amount of $714,800, representing losses avoided as a result of the conduct alleged in the Complaint, together with pre-judgment interest thereon in the amount of $326,617, for a total disgorgement obligation of $1,041,417, and shall pay a civil penalty in the amount of $125,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)]. Selden shall satisfy his total obligation of $1,166,417 by making four (4) installment payments, with each installment to be paid within the periods identified below, calculated from the date of entry of this Judgment:

| *Days after Entry* | *Amount Due* |
|---|---|
| 10 days | $291,604 |
| 180 days | $291,604 |
| 240 days | $291,604 |
| 360 days | $291,605 |
|  | $1,166,417 |

Each installment payment shall include post-judgment interest calculated pursuant to 28 U.S.C. §1961 and accruing from the date of entry of this Judgment. If Selden fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Judgment, including post-judgment interest, minus any

payments made, shall become due and payable immediately, without further application to the Court.

Each installment payment shall be made by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. Each payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, VA 22312, together with a cover letter identifying Selden as a defendant in this action, setting forth the title and civil action number of this action and the name of this Court, and specifying that payment is made pursuant to this Judgment. Selden shall simultaneously transmit photocopies of each payment and letter to the Commission's counsel in this action. Selden shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. §1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that, upon motion of the Commission, the Court shall determine whether it is appropriate to enter an order, pursuant to Section 20(e) of the Securities Act [15 U.S.C. §77t(e)] and Section 21(d)(2) of the Exchange Act [15 U.S.C. §78u(d)(2)], barring Selden from serving as an officer or director of any issuer required to file reports with the Commission pursuant to Sections 12(b), 12(g) or 15(d) of the Exchange Act [15 U.S.C. §§78l(b), 78l(g), 78o(d)]. In connection with the Commission's motion for entry of such an order, and at any hearing held on such a motion: (a) Selden will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Selden may not challenge the validity of his Consent or this Judgment; and

(c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court.

### VI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Selden shall comply with all of the undertakings and agreements set forth therein.

### VII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that this Court shall retain jurisdiction over this matter for purposes of enforcing the terms of this Judgment.

DONE AND ORDERED at Boston, Massachusetts, this 8th day of July, 2008.

_____
UNITED STATES DISTRICT JUDGE